UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNSEL OF CHICAGO AND VICINITY, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11 cv 03233 |
| KORY L. KRUZAN and BRADEN OLSON DRAPER, LLP, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

Board of Trustees of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity ("Board of Trustees") filed an action under § 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), against Kory Kruzan ("Kruzan") and Braden Olson Draper, LLP ("BOD"). Both Defendants filed motions to dismiss for lack of venue; BOD filed a motion to dismiss for lack of personal jurisdiction; and Kruzan filed an alternative motion to transfer pursuant to 28 U.S.C. § 1404. Each motion is discussed below. For the following reasons, we transfer the case to the Eastern District of Wisconsin.

**I. BACKGROUND**

Board of Trustees is a fiduciary of the Chicago Laborers' Welfare Fund Plan ("Plan"), a multiemployer, self-funded employee welfare benefits plan within the meaning of ERISA, 29

1

U.S.C. § 1002(1). (Compl. ¶ 6.) Board of Trustees consists of trustees that represent employers and unions, located in Chicago, Northwest Indiana, and Southeast Wisconsin, that have entered into collective bargaining agreements related to the Chicago Laborers' Welfare Fund. (Resp. to Kruzan at 2.) Kruzan worked as a union employee for Fabcon, Inc. in Franklin, Wisconsin. (*Id.*) At all relevant times, he was a resident of Wisconsin and a Plan participant covered by the Plan. (Compl. ¶ 8.) BOD is an law firm registered as a Wisconsin Limited Liability Partnership that represented Kruzan in his recovery for personal injuries related to his employment. (*Id.* ¶ 9.)

On September 6, 2006, Kruzan sustained injuries in the scope of his employment. The Plan subsequently paid $153,249.50 in medical expenses and income replacement benefits to or on behalf of Kruzan. (*Id.* ¶ 14.) In addition, Kruzan, represented by his attorney at BOD, pursued a personal injury claim against the State of Wisconsin—Department of Workforce Development ("DWD"). (*Id.* ¶ 13.) Board of Trustees alleges that Kruzan and his attorney reached a compromise agreement on this claim in the amount to $100,000.00. (*Id.* ¶ 16.) It further alleges that, under subrogation and reimbursement provisions in the Plan, Kruzan was obligated to use the settlement funds to reimburse the Plan for all benefit payments made on behalf of Kruzan, and Kruzan derogated the terms of the Plan by failing to make such payments. (*Id.* ¶¶ 19, 21.) Finally, Board of Trustees asserts that both Kruzan and BOD are in possession or constructive possession of the $100,000 settlement that rightfully belongs to the Plan. Accordingly, Board of Trustees has filed this action against both defendants seeking appropriate equitable relief pursuant to § 502(a)(3), 29 U.S.C. § 1332(a)(3).

## II. DISCUSSION

Defendant BOD moves to dismiss the complaint for lack of personal jurisdiction and for

improper venue.[1] While courts generally address personal jurisdiction before addressing venue, "personal jurisdiction is not fundamentally preliminary in the same way that subject matter jurisdiction is, [therefore] a court may consider venue first, before it considers the issue of personal jurisdiction, when there are sound reasons for doing so." *Leon C. Baker, P.C. v. Bennett*, 942 F. Supp. 171, (S.D.N.Y. 1996) (citing *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979) ("[W]hen there is a sound prudential justification for doing so . . . a court may reverse the normal order of considering personal jurisdiction and venue.")). In this case we find that venue is proper in the Northern District of Illinois, but that the convenience of parties and witnesses dictates that we transfer the case to the Eastern District of Wisconsin. As Wisconsin clearly has personal jurisdiction over both defendants,[2] we choose to address venue first to avoid deciding a disputed issue of personal jurisdiction that will have no bearing on the outcome.

**A. Venue is proper in the Northern District of Illinois**

Board of Trustees brings the claim pursuant to ERISA, which includes a liberal venue provision:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any

---

[1] BOD's brief indicates that the motion for improper venue is made pursuant to Rule 19(a)(3), which states, "If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party." Fed. R. Civ. P. 19(a)(3). As we find venue proper, we do not address whether BOD is in fact a joined party pursuant to Rule 19.

[2] BOD is a Wisconsin Limited Liability Company. (Compl. ¶ 9.) Kruzan is a Wisconsin resident. (*Id.* ¶ 8.) Furthermore, "under 1404(a) as under 1406(a), the transferring court need not have personal jurisdiction over the defendants." *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (citing *Andrews v. Heinold Commodities, Inc.*, 771 F.2d 184, 189 n. 5 (7th Cir. 1985)).

other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2). Defendants argue that because BOD is not in privity with the Plan and is not a Third Party as defined by ERISA or the Plan, BOD is not subject to ERISA, and thus § 1132(e)(2) cannot be used to find venue. While true that BOD is not in privity with the Plan, BOD's conclusion is inaccurate.

The present action is properly brought under § 1132(a)(3) of ERISA, which authorizes civil action by a participant, beneficiary, or fiduciary:

> (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

29 U.S.C. § 1132(a)(3). While this statute limits the parties who may bring suit, it "admits of no limit (aside from the 'appropriate equitable relief' caveat . . . ) on the universe of possible defendants." *Harris Trust and Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 246, 120 S. Ct. 2180, 2187 (2000). "Indeed, § 502(a)(3) makes no mention at all of which parties may be proper defendants—the focus, instead, is on redressing the '*act or practice* which violates any provision of [ERISA Title I].'" *Id.* (emphasis and alteration in original). The Supreme Court specifically rejected the Seventh Circuit's conclusion that, "absent a substantive provision of ERISA expressly imposing a duty upon a nonfiduciary party in interest, the nonfiduciary party may not be held liable under § 502(a)(3), one of ERISA's remedial provisions." *Id.* at 245. At a later time, BOD may seek to argue that it is not liable under ERISA because it is not in privity with the Plan. At the current stage in litigation, it is sufficient that Plaintiff has alleged a claim seeking appropriate equitable relief pursuant to § 1132(a)(3). As BOD is a proper defendant under the statute, it is subject to the liberal venue provision of

4

§ 1132(e)(2).

BOD further argues that "ERISA does not magically create venue in this district," (BOD Mem. at 5) and is correct that § 1132(e)(2) does not provide for nationwide venue. *Waeltz v. Delta Pilots Retirement Plan*, 301 F.3d 804, 809 (7th Cir. 2002). The statute, however, does "create a liberal venue provision." *Id.* Specifically, a claim may be brought "[1] in the district where the plan is administered, [2] where the breach took place, or [3] where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Board of Trustees clearly alleges that the Plan is administered in Westchester, Illinois, within the Northern District of Illinois, Eastern Division. (Compl. ¶ 5.) Defendants have provided no contravening affidavits to refute this allegation, and we will accept the well plead allegation as true. Therefore, we find that venue is proper in the Northern District of Illinois.

Defendant Kruzan also moves to dismiss for lack of venue. Kruzan contends that "because venue is not proper as to [BOD], this action should be dismissed as to [Kruzan]." (Kruzan Mem. at 1–3 (citing *Stickland v. Trion Group, Inc.*, 463 F. Supp. 2d 921, 924 (E.D. Wis. 2006).) As stated above, the Northern District of Illinois, Eastern Division is a proper venue for the action against BOD. Therefore, Kruzan's argument lacks merit, and the motion to dismiss is denied.

**B. The case should be transferred pursuant to 28 U.S.C. § 1404**

Kruzan additionally moves to transfer to a more convenient forum pursuant to 28 U.S.C. § 1404. Under § 1404(a), a court may, for the convenience of the parties and witnesses and in the interest of justice, transfer any civil matter to another district where venue is proper. A court may transfer a case if a moving party shows that: (1) venue is proper in the district where the

5

action was originally filed; (2) venue and jurisdiction would be proper in the transferee court; and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interest of justice. *See Morton Grove Pharms., Inc. v. Nat'l Pediculosis Ass'n*, 525 F. Supp. 2d 1039, 1044 (N.D. Ill. 2007) (citing *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995)). We have determined above that venue is proper in the district where the action was originally filed, and Plaintiff does not dispute that venue and jurisdiction would also be proper in the Eastern District of Wisconsin. Therefore we must determine only whether the convenience of parties and witnesses and the interest of justice warrant transfer of this case to the Eastern District of Wisconsin.

As the Seventh Circuit has recognized, deciding whether to transfer a case to another federal district court requires "flexible and individualized analysis" based on the circumstances of a particular case. *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (internal citations omitted); *see also Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). The weight afforded to each factor is within the discretion of the district court, *Coffey,* 796 F.2d at 219, and district courts are afforded wide discretion in deciding whether transfer is appropriate. *Tice v. American Airlines, Inc.*, 162 F.3d 966, 974 (7th Cir. 1988). In making the decision, we must weigh both private and public factors. We address both in turn. We find that while the interest of justice does not favor either venue, the convenience of the parties and witnesses strongly weighs in favor of transfer. As such this motion to transfer must be granted.

*I. Private Factors.*

In deciding whether transfer would promote convenience, courts consider such private

factors as: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of witnesses." *Morton Grove Pharms.*, 525 F. Supp. 2d at 1044 (citing *Schwartz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 835 (N.D. Ill. 2004)); *see also Research Automation*, 626 F.3d at 978. We discuss each in turn.

*a. Plaintiff's Choice of Forum*. The plaintiff's forum choice is generally given great deference, particularly when the plaintiff resides in the chosen district. *Vandeveld*, 877 F. Supp. at 1167; *Dunn v. Soo Line R.R. Co.*, 864 F. Supp. 64, 65 (N.D. Ill.1994); *FUL Inc. v. Unified Sch. Dist. No. 204*, 839 F. Supp. 1307, 1311 (N.D. Ill. 1993). Because the Plan is administered in the Northern District of Illinois, the Plan's chosen forum, this factor weighs against transfer. It will be "overcome only when the private and public interest factors point towards trial in an alternative forum." *Van Horn v. Graves*, No. 01 C 5186, 2002 WL 27658, at *2 (N.D. Ill. Jan. 10, 2002) (citing *AAR Int'l, Inc. v. Nimeliss Enters., S.A.*, 250 F.3d 510, 524 (7th Cir. 2001)).

*b. Situs of Material Events*. The parties agree Kruzan was injured in Wisconsin, that the personal injury claim was filed and settled in Wisconsin with Wisconsin's DWD, and that the money Board of Trustees seeks to recover is likely held in trust in Wisconsin. Further, the alleged failure to reimburse the Plan occurred in Wisconsin. Kruzan points to this alleged failure as the material event giving rise to this suit. (Kruzan Mem. at 4.) Plaintiff, on the other hand, contends that the relevant material events were the payments the Plan made on behalf of Kruzan from its location in Illinois. (Resp. to Kruzan at 3.) Because material events occurred in both forums, this factor weighs neither for nor against transfer.

*c. Access to Sources of Proof*. The third private factor for determining whether to

7

transfer venue is the relative ease of access to sources of proof.  Kruzan asserts that material evidence is located in Wisconsin because BOD, DWD, and "any Wisconsin bank or other financial institution dealing with the alleged trust fund" are located in Wisconsin.  (Kruzan Reply at 5.)  BOD also points out that court records regarding the settlement and any records held by BOD are also located in Wisconsin.  (BOD Mem. at 4.)  Plaintiff does not refute these statements.  As such, this factor weighs in favor of transfer.

   *d. Convenience of Parties*.  The parties agree that both Defendants reside in Wisconsin.  (Compl. ¶¶ 8–9.)  Plaintiff has not alleged that BOD has any contact with Illinois, nor has Plaintiff attempted to refute that fact that the Eastern District of Wisconsin would be more convenient for the parties.  (Kruzan Mem. at 3.)  The Plan itself covers entities in Southeast Wisconsin.  (Resp. to BOD at 2.)  This factor therefore weighs in favor of transfer.

   *e. Convenience of Witnesses*.  For the final private factor, we consider the relative convenience of each forum for potential witnesses.  *See Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998) ("The convenience of witnesses is often viewed as the most important factor in the transfer balance.").  A party moving for transfer must show that the original forum is "clearly less convenient for its witnesses." *Aldridge v. Forest River, Inc.*, 436 F. Supp. 2d 959, 962 (N.D. Ill. 2006).  In weighing this factor, courts should assess the location of potential witnesses, the nature of their expected testimony, and whether certain witnesses may be compelled to testify.  *Eugene v. McDonald's Corp.*, No. 96 C 1469, 1996 WL 411444, at *2 (N.D. Ill July 18,1996).  For the court to make such assessments, the party seeking transfer should name potential key witnesses and provide a general statement of the witnesses' testimony.  *Vandeveld*, 877 F. Supp. at 1167–68 (citing *Heller Fin., Inc. v. Midwhey Powder Co.,*

8

*Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989)); *JDA eHealth Sys., Inc. v. Chapin Revenue Cycle Mgmt., LLC*, No. 10 C 7781, 2011 WL 2518938, at *10 (N.D. Ill. June 23, 2011).

In support of transferring the case to the Eastern District of Milwaukee, Kruzan alleges that the vast majority of witnesses are located in Wisconsin. While Kruzan has not identified specific witnesses he intends to call, he states that "it is logical to conclude that all potential witnesses from DWD are located in Wisconsin. . . . It is also logical to conclude that witnesses regarding any bank accounts or holdings concerning the alleged trust would be located in Wisconsin." (Kruzan Mem. at 4.) BOD adds that "the great majority of the witnesses relevant to the case are located in Wisconsin." (BOD Mem. at 4.) Board of Trustees does not attempt to refute these points, and we find that the assertions that significant witnesses are located in Wisconsin are reliable and consistent with the undisputed facts. Furthermore, because these witnesses are third-party witness, their convenience is of great concern. *See Pollock v. Boss Indus., Inc.*, No. 05 C 4978, 2006 WL 488687, at *3 (N.D. Ill. Feb. 24, 2006) (citing *Am. Family Ins. ex rel. Suddarth v. Wal-mart Stores, Inc.*, No. 02 C 8017, 2003 WL 1895390, at *1 (N.D. Ill. Apr. 17, 2003)) ("More weight is afforded non-party witnesses than witnesses within the control of the parties, as it is assumed that party-witnesses will appear voluntarily."). As all of these witnesses would find it clearly less convenient to testify in Chicago, we conclude that this factor favors transfer to Wisconsin.

### *2. Public Factors*

Finally, we must add to our balance the interest of justice. *Coffey*, 796 F.2d at 220–21. Evaluating the interest of justice under the transfer statute involves a comparison of public factors such as: the "court's familiarity with the applicable law, the speed at which the case will

9

proceed to trial, and desirability of resolving controversies in their locale." *First Nat'l Bank v. El Camino Resources, Ltd.*, 447 F. Supp. 2d 902, 912 (N.D. Ill 2006); *see also Research Automation*, 626 F.3d at 978. As stated above, we find that the interest of justice factors do not weigh in favor of either forum.

    *a. Familiarity with Applicable Law*. Kruzan concedes that ERISA is the applicable law, and both courts will have equal familiarity with the federal statute. Kruzan does contend, however, that "underlying the ERISA claim are events and action which took place under Wisconsin state statues, administrative law, and administrative procedures." (Kruzan Mem. at 5.) However, Kruzan does not explain which particular statutes and laws will arise in this action or how they will affect this suit brought solely under ERISA. Board of Trustees, on the other hand, argues that the underlying settlement and recovery by Kruzan is not in dispute and both courts are equally competent to interpret the relevant contract terms at the heart of the dispute. (Resp. to Kruzan at 8.) We agree with Board of Trustees and are not convinced that a federal court in Wisconsin will be better situated to resolve this dispute. Therefore, we do not find that this factor weighs in favor of transfer.

    *b. Speedy Case Resolution*. According to the March 2011 Federal Court Management Statistics,[3] an average civil case is resolved only slightly faster in the Northern District of Illinois (average of 6.3 months) than the Eastern District of Wisconsin (average of 7.1 months), and the difference in the time to trial for civil cases is similarly insignificant (28.2 months versus 28.7 months). These statistics suggest that the resolution of the case will proceed at relatively the

---

    [3] Available at http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics.aspx.

10

same speed regardless of forum; thus, this factor is neutral.

  *c. Relationship of Communities to Litigation.* "Resolving litigated controversies in their locale is a desirable goal of federal courts." *First Nat'l Bank*, 447 F. Supp. 2d at 914. Here, we have two forums, both with legitimate interest in the case. Wisconsin has an interest in protecting workers in the state. Specifically, Kruzan argues that Wisconsin has an interest in "determining how ERISA and out-of-state plans under ERISA (especially Illinois-based plans) interact with Wisconsin DWD approved settlements." (Kruzan Mem. at 5.) On the other hand, "Illinois has a strong interest in providing a convenient forum for redressing injuries inflicted by out-of-state-actors," *First Nat'l Bank*, 447 F. Supp. 2d at 914. Additionally, Illinois has an interest in preserving Plan assets located in Illinois. (Resp. to Kruzan at 3.) As both states have a legitimate interest in the litigation, this factor neither favors, nor disfavors transfer.

  *3. Summary of Balance*

  After consideration of all relevant factors, we hold that the balance warrants transfer. Access to sources of proof weighs in favor of transfer, as does the convenience of the parties and convenience of the witnesses. The public factors, on the other hand, are largely neutral. Board of Trustees does not refute these findings, but instead argues that the broad venue provision of ERISA should control our analysis. Specifically, Board of Trustees points to *Elite Erectors* for the proposition that the "convenience issue" should not be given much weight because modern developments (electronic documents, national law firms, air travel, etc.) reduce the burden of litigating in any major metropolitan area. (Resp. to Kruzan at 8–9 (citing *Board of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000)).) However, when discussing convenience, *Elite Erectors* was addressing due process

11

concerns raised by nationwide service of process. To the extent that the Seventh Circuit addressed transfer of venue, it indicated that § 1404 should be used to protect defendants' legitimate interest, despite the broad venue provision: "Even when Congress departs from § 1391 by allowing venue in the district of the plaintiff's business or residence, defendants' legitimate interests are protected by 28 U.S.C. § 1404(a)." *Elite Erectors*, 212 F.3d at 1037. Board of Trustees' argument is therefore not persuasive, and for the reasons set forth above, we find that the case should be transferred to the Eastern District of Wisconsin.

To the extent that Defendant BOD did not specifically join Defendant Kruzan's motion to transfer, we transfer the case *sue sponte*. As Wright & Miller summarize: "The language of the statute [28 U.S.C. § 1404(a)] is broad enough that a district judge can order transfer on his or her own initiative, as has been recognized in many cases." Charles A. Wright & Arthur Miller, 15 *Federal Practice & Procedure* § 3844 (3d ed. 2007) (collecting cases). The Seventh Circuit, albeit in an unpublished order, has recently recognized the propriety of a district court transferring a case *sua sponte*, as have several other circuit courts. *Germaine v. St. Germain*, No. 10-3796, 2011 WL 1897399, at \*1 (7th Cir. May 19, 2011) (citing *Carver v. Knox County*, 887 F.2d 1287, 1291 (6th Cir. 1989) ("In fact, 28 U.S.C. § 1404(a) does not require a motion; a district court may transfer a case *sua sponte*."); *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Such transfers may be *sua sponte*."); *Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 965 (9th Cir. 1993) (accepting that district court in Northern District of Illinois properly transferred case "on its own motion" to the Southern District of California)). Indeed, the practice is well-established here in the Northern District of Illinois. *See, e.g.*, *Marquette Transp. Co. v. Trinity Marine Products, Inc.*, No. 06-C-4506, 2006 WL 3783412, at \*1 (N.D. Ill.

Dec. 19, 2006); *SB Designs v. Reebok Intern., Ltd.*, 305 F. Supp. 2d 888, 889 (N.D. Ill. 2004); *Chukwu v. Air France*, 218 F. Supp. 2d 979, 990 (N.D. Ill. 2002). Thus, it is within our authority to raise the transfer issue with respect to one party who did not specifically make the motion. We choose to do so here for the reasons set forth above.

**III. CONCLUSION**

For the reasons stated above, we grant Kruzan's motion to transfer venue and transfer the entire case pursuant to 28 U.S.C. § 1404. It is so ordered.

.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Date: December 8, 2011